**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JIMMY A. JONES,

        Petitioner,

vs.                                                    Case No.:    3:15-cv-1025-MMH-JRK
                                                                        3:09-cr-15-MMH-JRK

UNITED STATES OF AMERICA,

        Respondent.
_____/

**<u>ORDER</u>**

    This case is before the Court on Petitioner Jimmy A. Jones's <u>pro se</u> Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1; § 2255 Motion).[1] Jones raises three claims: (1) that his enhanced sentence under the Armed Career Criminal Act (ACCA) is unlawful in light of the United States Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015)[2]; (2) that counsel gave ineffective assistance at the sentencing hearing by failing to argue that the ACCA's residual clause was void for vagueness; and (3) that counsel gave ineffective assistance at sentencing by failing to challenge whether his prior convictions qualified as violent

---

[1]    Citations to the record in the underlying criminal case, <u>United States vs. Jimmy Jones</u>, No. 3:09-cr-15-MMH-JRK, will be denoted "Crim. Doc. __." Citations to the record in the civil § 2255 case, No. 3:15-cv-1025-MMH-JRK, will be denoted "Civ. Doc. __." Unless otherwise indicated, citations are to the page number designated by CM/ECF.

[2]    The ACCA imposes an enhanced sentence of 15 years to life in prison for those convicted of being a felon in possession of a firearm and who have three or more prior convictions for a "violent felony" or a "serious drug offense," or both, committed on occasions different from one another. 18 U.S.C. § 924(e)(1). In <u>Johnson</u>, the Supreme Court held that the so-called "residual clause," which is part of the definition of a "violent felony," is unconstitutionally vague. 135 S. Ct. at 2557, 2563.

1

felonies under the ACCA. The United States moved to dismiss the pro se § 2255 Motion, arguing that it is untimely as well as meritless. (Civ. Doc. 4; Motion to Dismiss).

A few months after the United States filed the Motion to Dismiss, the Court appointed counsel to represent Jones in pursuing § 2255 relief based on Johnson. (See Crim. Docs. 61, 62, 63). Counsel filed a memorandum in support of Ground One – the Johnson claim – arguing that two of Jones's three ACCA predicates no longer qualify as violent felonies without the residual clause. (Civ. Doc. 11; Supporting Memorandum).[3] The United States responded with an opposing memorandum, maintaining that Jones still qualifies as an armed career criminal. (Civ. Doc. 12; Opposing Memorandum).

Thus, the case has been fully briefed and is ripe for a decision. Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[4], the Court has considered the need for an evidentiary hearing and determines that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by

---

[3]     Jones also moved to adopt the appellant's arguments in United States v. Fritts, 841 F.3d 937 (11th Cir. 2016), to preserve his argument that a third conviction – for armed robbery – is not a violent felony. (Civ. Doc. 10). The Court granted that motion. (Civ. Doc. 12). Subsequently, however, the United States Supreme Court held that Florida robbery is categorically a violent felony under the ACCA's elements clause. Stokeling v. United States, 139 S. Ct. 544, 554-55 (2019).

[4]     Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.

the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief); Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[5] For the reasons set forth below, Jones's § 2255 Motion is due to be denied.

## I.     Background

On January 21, 2009, a grand jury sitting in the Middle District of Florida indicted Jones on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Crim. Doc. 1; Indictment). The Indictment alleged that Jones possessed a firearm after having been convicted of one or more felony offenses, including (1) armed robbery in the state of Florida, (2) resisting an officer with violence in the state of Florida, and (3) assault involving great bodily injury or a deadly weapon in the state of California. Id. Jones initially pled not guilty to the charge. (Crim. Doc. 17; Minute Entry of Arraignment).

On July 27, 2009, Jones appeared before a United States Magistrate Judge to enter a guilty plea. (Crim. Doc. 33; Plea Transcript, Volume I). However, Jones objected to admitting to the specific number and nature of his prior convictions, out of concern for the ramifications under the ACCA. See id. at 25. The Magistrate Judge ended the hearing so the parties could research whether Jones could plead guilty to the charge without admitting the number and nature of his prior convictions. Id. at

---

[5]     Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

43-45. Shortly thereafter, Jones and the United States each filed memoranda advising the Court that Jones could plead guilty to violating § 922(g)(1) without admitting the specifics of his criminal record, so long as he admitted he had previously been convicted of a felony offense. (Crim. Docs. 31, 32). Thus, the parties reconvened for a change-of-plea hearing on August 28, 2009, at which time Jones pled guilty to a violation of § 922(g)(1). (Crim. Doc. 52; Plea Transcript, Volume II). Consistent with the parties' memoranda, Jones admitted only to possessing a firearm after having been convicted of a felony offense, but he did not admit the specific number or nature of his prior convictions (though Jones did admit to having one prior conviction for simple possession of cocaine). See id. at 8, 19-21. The Magistrate Judge recommended that the Court accept Jones's guilty plea as "knowledgeable and voluntary" and "supported by an independent basis in fact." (Crim. Doc. 41; Report and Recommendation Concerning Guilty Plea). On September 18, 2009, Court accepted Jones's guilty plea and adjudicated him accordingly. (Crim. Doc. 42; Acceptance of Plea).

The Presentence Investigation Report (PSR) recommended that the Court find Jones to qualify to be sentenced as an armed career criminal. PSR at ¶ 28. The PSR identified three prior convictions as supporting the ACCA enhancement: (1) a 1988 conviction in Florida for armed robbery, id. at ¶ 33, (2) a 1990 conviction in California for assault involving great bodily injury or a deadly weapon, id. at ¶ 35, and (3) a 2001 conviction in Florida for resisting an officer with violence, id. at ¶ 43. The PSR did not address whether the prior convictions qualified as violent felonies under the ACCA's

elements clause, 18 U.S.C. § 924(e)(2)(B)(i), or the residual clause, <u>see</u> § 924(e)(2)(B)(ii).[6]

Jones filed a sentencing memorandum objecting to the ACCA enhancement. (Crim. Doc. 44; Jones's Sentencing Memorandum). Specifically, Jones argued that his prior conviction for resisting an officer with violence did not qualify as a violent felony because "[t]he statute does not require the specific intent to use, attempt to use or threatened use of physical force against the person of another," and because the offense does not involve "purposeful, violent, and aggressive conduct." <u>Id.</u> at 3. The United States filed a sentencing memorandum in support of the ACCA enhancement. (Crim. Doc. 43; United States' Sentencing Memorandum). The United States argued that resisting an officer with violence is a violent felony under both the ACCA's elements clause and the residual clause. <u>Id.</u> at 2-4. The United States also argued that the offense counted as a violent felony regardless of whether it was a specific intent crime because the text of the ACCA does not contain a specific-intent-crime requirement. <u>Id.</u> at 4-5 (citing <u>United States v. Williams</u>, 67 F.3d 527, 528 (4th Cir. 1995), and <u>United States v. Leeper</u>, 964 F.2d 751, 753 (8th Cir. 1992)).

The parties continued their arguments about the ACCA enhancement at the sentencing hearing on January 4, 2010. (Crim. Doc. 53; Sentencing Transcript). Jones stipulated to the existence and veracity of his prior convictions, but at defense counsel's urging, the United States agreed to strike the narrative information about

---

[6] Because none of the prior convictions was for burglary, arson, extortion, or an offense involving the use of explosives, <u>see</u> § 924(e)(2)(B)(ii), the ACCA's enumerated offense clause was inapplicable.

the prior convictions from the PSR. Id. at 5-6.[7] Jones maintained that, under the categorical approach, resisting an officer with violence is not a violent felony because the offense does not require the specific intent to do violence. Sentencing Tr. at 10-19. The Court overruled Jones's objection and found that, pursuant to the categorical approach and the Eleventh Circuit's then-recent decision in United States v. Jackson, 355 F. App'x 297 (11th Cir. 2009), superseded by 440 F. App'x 857 (11th Cir. 2011), resisting an officer with violence qualifies as a violent felony under the ACCA's elements clause. Sentencing Tr. at 20-24, 27. The Court explained:

> The definition of resisting an officer with violence under Florida law requires an individual to knowingly and willfully resist, obstruct, or oppose an officer by offering or doing violence to the person of such officer or legally authorized person.

> Therefore, in order to be convicted of that offense, one of the elements that would have to be proven is the knowing and willful resistance or obstruction or opposition of an officer by force – I'm sorry, by offering or doing violence to the person, to the officer specifically.

> The plain language of that would require the use or attempted use or threatened use of physical force against that officer. And so it appears to me that utilizing the categorical approach – and that is simply looking at the definition of the offense – that this issue falls squarely within the Jackson decision, and that the court must find that it is a crime of violence.

Id. at 21. Thus, the Court sustained the ACCA enhancement.

---

[7]     The government submitted copies of the judgments to confirm the existence and nature of each of the ACCA predicate convictions. (See Crim. Doc. 47; Minute Entry of Sentencing and Exhibits). Government's Exhibit 1 is the judgment of conviction for armed robbery, in violation of Florida Statute Section 812.13. Id. at 2-7. Government's Exhibit 2 contains the guilty plea and judgment of conviction for assault involving great bodily injury or a deadly weapon, in violation of California Penal Code § 245(a)(1). Id. at 8-18. Government's Exhibit 3 is the judgment of conviction for resisting an officer with violence, in violation of Florida Statute Section 843.01 (as well as for possession of cocaine and cannabis). Id. at 19-26.

Once the Court ruled that the ACCA applied, both the United States and Jones recommended that the Court impose the mandatory minimum sentence of 15 years (180 months) in prison. Id. at 28-29.[8] The Court adopted the parties' recommendation and sentenced Jones to a term of 180 months in prison, followed by a 5-year term of supervised release. Id. at 31; (Crim. Doc. 48; Judgment).

Jones appealed his sentence, asserting that "the district court erred in sentencing him under the ACCA because one of his prior crimes—resisting an officer with violence in violation of Florida Statute § 843.01—should not qualify as a predicate offense under the statute." United States v. Jones, 400 F. App'x 462, 462 (11th Cir. 2010). The court rejected Jones's argument, reasoning that under Florida law, resisting an officer with violence categorically involves as an element the use, attempted use, or threatened use of violent physical force against another person. Id. at 463-64. The court also rejected Jones's argument that resisting an officer with violence was not a violent felony because it could be committed negligently or recklessly. Id. at 464 n.4. The court reasoned that "[e]ven if § 843.01 is a general intent crime…, the fact remains that the sort of force contemplated by the statute is 'violent force,' …. This is sufficient for liability under the first prong of the ACCA." Id. (internal citations omitted). Thus, the Eleventh Circuit affirmed Jones's conviction and sentence. Id. at 464.

---

[8]     The Court later noted for the record that Jones's sentencing range under the United States Sentencing Guidelines was 180 to 188 months in prison, based on the ACCA's mandatory minimum, a total offense level of 30, and a Criminal History Category of V. Id. at 36.

Jones petitioned the United States Supreme Court for a writ of certiorari, but the Supreme Court denied the petition on April 18, 2011. Jones v. United States, 563 U.S. 950 (2011). About four years later, on June 26, 2015, the Supreme Court issued its decision in Johnson v. United States, 135 S. Ct. 2551. Less than two months afterward, on August 11, 2015, Jones filed the instant § 2255 Motion. See § 2255 Motion at 6; Houston v. Lack, 487 U.S. 266, 276 (1988) (a prisoner's pro se filing is deemed filed when delivered to prison authorities for mailing).

## II.    The ACCA and Johnson

Pursuant to 18 U.S.C. § 922(g), a person convicted of being a felon in possession of a firearm is ordinarily subject to a maximum term of imprisonment of 10 years. Under the ACCA, however, that person is subject to an enhanced mandatory minimum sentence of 15 years in prison if he has three or more prior convictions for a violent felony or a serious drug offense, or both, each committed on different occasions. 18 U.S.C. § 924(e)(1). At the time of Jones's offense conduct and sentencing, the term "violent felony" included "any crime punishable by imprisonment for a term exceeding one year" that

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B) (emphasis added). Subsection (i) of this provision is referred to as the "elements clause," the first nine words of subsection (ii) are referred to as the

"enumerated [offenses] clause," and the rest of subsection (ii), which is emphasized above, is referred to as the "residual clause." Mays v. United States, 817 F.3d 728, 730-31 (11th Cir. 2016).

In Johnson v. United States, the Supreme Court held that the residual clause was unconstitutionally vague. 135 S. Ct. at 2557-58, 2563. However, the Supreme Court made clear that the elements clause and the enumerated offenses clause remained unaffected. Id. at 2563. Later, in Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson applies retroactively on collateral review.

For a prisoner to successfully challenge his ACCA sentence based on Johnson, he must prove "more likely than not" that reliance on the residual clause led the sentencing court to impose the ACCA enhancement. Beeman v. United States, 871 F.3d 1215, 1220-22 (11th Cir. 2017), cert. denied, 139 S. Ct. 1168 (2019).

> Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a Johnson violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by Johnson) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

Id. at 1221. "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." Id. at 1222.

Whether the sentencing court relied on the residual clause is a "historical fact," which is determined by reference to the state of affairs that existed at the time of sentencing. See id. at 1224 n.5. Thus, court decisions made afterward holding that a particular offense does not qualify under the elements clause or the enumerated offenses clause "cast[ ] very little light, if any, on th[is] key question of historical fact." Id. A prisoner can establish that the sentencing court relied on the residual clause in two ways. First, the prisoner can point to "direct evidence: comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential to application of the ACCA in that case." Id. at 1224 n.4. Alternatively, absent direct evidence, there will

> sometimes be sufficient circumstantial evidence to show the specific basis of the enhancement. For example, there could be statements in the PSR [Presentence Investigation Report], which were not objected to, recommending that the enumerated clause and the elements clause did not apply to the prior conviction in question and did not apply to other prior convictions that could have served to justify application of the ACCA. Or the sentencing record may contain concessions by the prosecutor that those two other clauses do not apply to the conviction in question or others.

Id. A prisoner may also circumstantially prove that the ACCA sentence depended on the residual clause "if the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony." Id. at 1224 n.5 (emphasis added). However, if "'the evidence does not clearly explain what happened … the party with the burden loses.'" Id. at 1225 (quoting Romine v. Head, 253 F.3d 1349, 1357 (11th Cir. 2001)).

Additionally, in 2019, the Eleventh Circuit clarified that for purposes of

Beeman, where a § 2255 movant challenged his ACCA sentence on direct appeal, the historical record includes the record through direct appeal. Weeks v. United States, 930 F.3d 1263, 1275 (11th Cir. 2019). Thus, "it is necessary in such a case to look to the record and binding precedent through the time of direct appeal to determine whether the claimant has shown 'that—more likely than not—it was use of the residual clause that led to the ... enhancement of his sentence.'" Id. (quoting Beeman, 871 F.3d at 1222).

### III.   Timeliness

Before reaching the merits, the Court addresses the United States' argument that Jones's § 2255 Motion is untimely. Motion to Dismiss 1, 3-4. The United States asserts that Jones's § 2255 Motion is untimely because he filed it "more than three years past the statutory time limit for filing a § 2255 motion" under 28 U.S.C. § 2255(f)(1). Id. at 3. The United States also argues that Jones cannot rely on Johnson and § 2255(f)(3) to render his motion timely because "[t]he record reflects that the 'residual clause' played no role in Jones's qualification as an armed career criminal." Id. at 4. According to the United States, "even if Jones were sentenced today, he would still qualify as an armed career criminal under 18 U.S.C. § 924(e)." Id. Jones did not directly respond to the United States' timeliness argument. See generally Supporting Memorandum. Instead, Jones devotes most of his Supporting Memorandum to arguing that his prior convictions no longer qualify as violent felonies under the elements clause in light of Descamps v. United States, 133 S. Ct. 2276 (2013), and other decisions. Supporting Memorandum at 3-11.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year statute of limitations for a federal prisoner to file a motion to vacate, set aside, or correct sentence. 28 U.S.C. § 2255(f). The limitations period runs from the latest of four possible trigger dates.

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Jones's § 2255 Motion is untimely under § 2255(f)(1) because he filed it more than four years after his conviction and sentence became final[9], and the record provides no basis for applying §§ 2255(f)(2) or 2255(f)(4). Thus, only § 2255(f)(3) can potentially render Jones's § 2255 Motion timely. Subsection 2255(f)(3) applies if the § 2255 Motion depends on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

---

[9]    Jones's conviction and sentence became final once the Supreme Court denied his petition for a writ of certiorari. Washington v. United States, 243 F.3d 1299, 1300-01 (11th Cir. 2001). Thus, the statute of limitations under 28 U.S.C. § 2255(f)(1) began running on April 18, 2011.

The Eleventh Circuit's discussion in <u>Beeman</u> is instructive on the issue of how to apply the statute of limitations in a case such as this. 871 F.3d at 1219-21. In <u>Beeman</u>, the prisoner filed a § 2255 motion raising three arguments:

> First, he contended that the <u>Johnson</u> decision invalidated his ACCA sentences because when he was sentenced in 2009 his Georgia conviction for aggravated assault would have qualified as a violent felony under the residual clause of the ACCA. Second, he pointed out that his aggravated assault conviction was not a violent felony under the enumerated offenses clause because assault is not included in that list of crimes. And third, he argued that a conviction under the Georgia aggravated assault statute does not now qualify as a violent felony under the elements clause. In making that argument about the elements clause he relied heavily on the Supreme Court's 2013 decision in <u>Descamps v. United States</u>, 570 U.S. 254, 133 S. Ct. 2276, 186 L.Ed.2d 438 (2013), which is one in a line of Supreme Court decisions describing how federal courts should determine whether an offense qualifies as a predicate offense under the ACCA's enumerated offenses and elements clauses. <u>See</u> <u>Mathis v. United States</u>, 579 U.S. ——, 136 S. Ct. 2243, 195 L.Ed.2d 604 (2016); <u>Descamps</u>, 133 S. Ct. 2276; <u>Shepard v. United States</u>, 544 U.S. 13, 125 S. Ct. 1254, 161 L.Ed.2d 205 (2005); <u>Taylor v. United States</u>, 495 U.S. 575, 110 S. Ct. 2143, 109 L.Ed.2d 607 (1990).

<u>Beeman</u>, 871 F.3d at 1218. The Eleventh Circuit determined that Beeman's § 2255 motion was timely to the extent he raised a <u>Johnson</u> claim, but that it was untimely to the extent he raised a <u>Descamps</u> claim. <u>Id.</u> at 1220. The court explained:

> [a] <u>Johnson</u> claim and a <u>Descamps</u> claim make two very different assertions. A <u>Johnson</u> claim contends that the defendant was sentenced as an armed career criminal under the residual clause, while a <u>Descamps</u> claim asserts that the defendant was incorrectly sentenced as an armed career criminal under the elements or enumerated offenses clause.

<u>Id.</u> Under § 2255(f)(3), a prisoner may bring a claim based on <u>Johnson</u> within one year of that decision because <u>Johnson</u> announced a newly recognized right that applies retroactively on collateral review. <u>Id.</u> at 1219 (citing <u>Welch</u>, 136 S. Ct. at 1268).

However, "the <u>Descamps</u> decision cannot qualify as a triggering date under § 2255(f)(3)" because "<u>Descamps</u> did not set out a newly recognized right." <u>Id.</u> at 1220. "As a result, if [Beeman's] § 2255 motion raised a <u>Johnson</u> claim, that claim was timely, but any other claim the motion raised – including a <u>Descamps</u> claim – was untimely." <u>Id.</u>

Ultimately, the court determined that Beeman had raised both types of claims in his § 2255 motion. <u>Id.</u> "He focused largely on an argument that the 2013 <u>Descamps</u> decision meant that his Georgia conviction for aggravated assault could no longer qualify as a violent felony under the elements clause. That is obviously a <u>Descamps</u> claim." <u>Id.</u> But to the extent Beeman argued that the district court relied on the residual clause to classify his Georgia conviction for aggravated assault as a violent felony, and that <u>Johnson</u> entitled him to be resentenced, "[t]hat sounds like a <u>Johnson</u> claim." <u>Id.</u> Thus the court ruled that Beeman's <u>Descamps</u> claim was time-barred but that his <u>Johnson</u> claim was not. <u>Id.</u>

Like <u>Beeman</u>, Jones raises both a <u>Johnson</u> claim and a <u>Descamps</u> claim. In his <u>pro se</u> § 2255 Motion, Jones alleges that his sentence was unlawfully enhanced "[b]y applying the unconstitutional Armed Career Criminal Act," § 2255 Motion at 4, which, judging by his citation to <u>Johnson</u> on the following page, <u>id.</u> at 5, he presumably means the residual clause. And in his Supporting Memorandum, Jones cites <u>Johnson</u> to argue that his sentence exceeds the statutory maximum, in violation of the Constitution and laws of the United States. Supporting Memorandum at 1. "That sounds like a <u>Johnson</u> claim." <u>Beeman</u>, 871 F.3d at 1220. But Jones also argues at length that his prior

14

convictions for resisting an officer with violence and assault involving great bodily harm no longer qualify as violent felonies under the elements clause. Supporting Memorandum at 3-11. In doing so, he relies extensively on <u>Descamps</u>. <u>Id.</u> at 4 & n.8, 5, 6, 7, 9, 10. "That is obviously a <u>Descamps</u> claim." <u>Beeman</u>, 871 F.3d at 1220.

Consistent with <u>Beeman</u>, the Court determines that Jones's § 2255 Motion is timely to the extent he raises a <u>Johnson</u> claim, i.e., that the Court applied the ACCA enhancement based on the now-invalid residual clause. However, Jones's § 2255 Motion is time-barred to the extent he argues that his prior convictions no longer qualify as violent felonies under the elements clause pursuant to <u>Descamps</u>.

## IV.   Analysis

Turning to the merits, the Court finds that Jones's claim for relief from his ACCA sentence based on <u>Johnson</u> fails because he has not carried his burden of proof under <u>Beeman</u> and <u>Weeks</u>. Likewise, Jones's claims of ineffective assistance of counsel are without merit as a matter of law or are refuted by the record. Accordingly, his § 2255 Motion is due to be denied.

### A. Ground One

Jones is not entitled to relief from his ACCA sentence because he has not "show[n] that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." <u>Beeman</u>, 871 F.3d at 1222. Nothing in the PSR, the sentencing record, or the legal landscape at the time of sentencing and through direct appeal suggests that Jones's sentence depended on the residual clause.

In other words, Jones has not shown that this Court or the Eleventh Circuit Court of Appeals "relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause" to identify a prior conviction as an ACCA predicate offense. Id. at 1221.

As noted earlier, in the PSR, the Probation Office identified three ACCA predicates: (1) a 1988 conviction in Florida for armed robbery, id. at ¶ 33, (2) a 1990 conviction in California for assault involving great bodily injury or a deadly weapon, id. at ¶ 35, and (3) a 2001 conviction in Florida for resisting an officer with violence, id. at ¶ 43. However, nothing in the PSR addressed whether these convictions qualified as violent felonies under the ACCA's elements clause or the residual clause. And, since Jones contested only whether resisting an officer with violence qualified as a violent felony, neither Jones, nor the United States, or the Court discussed which ACCA clause qualified the other two convictions as violent felonies. As such, the record is devoid of any indication of whether the Court relied on the elements clause or the residual clause in concluding that the armed robbery and assault convictions qualified as ACCA predicates.

The record does establish, however, that the Court classified Jones's prior conviction for resisting an officer with violence as a violent felony under the elements clause. In its sentencing memorandum, the United States argued that resisting an officer with violence was a violent felony under both the elements clause and the residual clause. United States' Sentencing Memorandum at 2-4. Jones argued that the conviction did not qualify under either clause. Jones's Sentencing Memorandum at 1-

16

4. Having considered the parties' respective positions, the Court found that resisting an officer with violence was an ACCA predicate because "[t]he plain language of [Florida Statute section 843.01] would require the use or attempted use or threatened use of physical force against that officer." Sentencing Tr. at 21. Thus, the Court explicitly categorized Jones's conviction for resisting an officer with violence as a violent felony under the elements clause. The decision on direct appeal did not alter this conclusion. To the contrary, the Eleventh Circuit Court of Appeals confirmed that resisting an officer with violence is categorically a violent felony under the elements clause. Jones, 400 F. App'x at 463-64 & n.4.

Moreover, the legal landscape at the time of sentencing and through direct appeal fails to support a conclusion that any of Jones's ACCA predicates qualified as a violent felony only under the residual clause. See Beeman, 871 F.3d at 1224 n.5.[10] The Eleventh Circuit's opinion affirming Jones's sentence on direct appeal itself shows that resisting an officer with violence qualified as an ACCA predicate under the elements clause based on the state of the law at the time. See Jones, 400 F. App'x at 463-64. Since then, the Eleventh Circuit has continued to hold that resisting an officer with violence, in violation of Florida Statute section 843.01, is categorically a violent felony under the elements clause. United States v. Hill, 799 F.3d 1318, 1322 (11th Cir.

---

[10]     In Beeman, the Eleventh Circuit observed that whether the petitioner had been sentenced under the residual clause was "a historical fact." Id. Thus, any court opinions issued after his sentence became final, holding that the elements clause or enumerated offense clause were inapplicable to a prior conviction, "cast[ ] very little light, if any, on the key question of historical fact here: whether in 2009 Beeman was, in fact, sentenced under the residual clause only." Id. Likewise, in determining whether Jones was sentenced based on the residual clause, the Court considers the state of the law during his sentencing and direct appeal.

2015) (citing <u>United States v. Romo-Villalobos</u>, 674 F.3d 1246, 1251 (11th Cir. 2012)); <u>United States v. White</u>, 723 F. App'x 844, 848-50 (11th Cir. 2018) (rejecting arguments that resisting an officer with violence could be committed with a de minimis amount of force and that the offense was not a violent felony under the elements clause because it is a general intent crime).

As for Jones's other two ACCA predicates, Jones points to no, and the Court has not located any, binding precedent, existing at the time of sentencing or through the conclusion of his direct appeal, holding that either conviction qualified as a violent felony <u>only</u> under the residual clause. On the other hand, in 2009 the Ninth Circuit Court of Appeals held that assault involving great bodily harm or a deadly weapon, in violation of California Penal Code section 245(a)(1), categorically has as an element the attempted use or threatened use of physical force against the person of another. <u>United States v. Grajeda</u>, 581 F.3d 1186, 1191-92 (9th Cir. 2009). While <u>Grajeda</u> addressed whether the offense was a crime of violence under U.S.S.G. § 2L1.2, its holding is equally relevant to the ACCA's elements clause. As for Jones's prior conviction for armed robbery in Florida, the Eleventh Circuit held four years before his sentencing that a Florida conviction for armed robbery was "undeniably a conviction for a violent felony" under the ACCA's elements clause. <u>United States v. Dowd</u>, 451 F.3d 1244, 1255 (11th Cir. 2006).

Accordingly, the legal landscape at the time Jones was sentenced and through his direct appeal does not suggest that any of his ACCA predicates qualified as a violent felony exclusively under the residual clause. Rather, the state of the law during

that time reflects that each of Jones's ACCA predicates could have qualified – or did in fact qualify – as a violent felony under the elements clause. Moreover, legal developments since then have not changed that conclusion.[11] Indeed, as to the assault conviction, in 2018 the Sixth Circuit Court of Appeals held that assault under California Penal Code section 245(a)(1) is categorically a "crime of violence" under the elements clause of the Sentencing Guidelines' career offender provision. Mass v. United States, 736 F. App'x 102, 103-05 (6th Cir. 2018). And with respect to Jones's robbery conviction, the United States Supreme Court has since confirmed that robbery under Florida law categorically has as an element the use, attempted use, or threatened use of violent physical force against the person of another. Stokeling, 139 S. Ct. at 554-55; see also Fritts, 841 F.3d at 942-44; United States v. Seabrooks, 839 F.3d 1326, 1339-45 (11th Cir. 2016). The record therefore offers no indication that the ACCA's residual clause played any role in Jones being sentenced as an armed career criminal. In other words, Jones has not "show[n] that the clause actually adversely

---

[11]    Although under Beeman and Weeks the Court focuses on the state of the law at the time of Jones's sentencing and through the conclusion of his direct appeal, the Court may, in addition, consider whether a prior conviction would still qualify as an ACCA violent felony under current law. See Bivins v. United States, 747 F. App'x 765, 770 (11th Cir. 2018) ("Alternatively, even without Beeman and even if we examined Bivins's Florida aggravated assault conviction under current law (rather than as a historical fact), Bivins has not shown that his two Florida aggravated assault convictions are not violent felonies under the ACCA's elements clause."). Moreover, "the subsequent trajectory of the law" can inform whether an offense could have qualified as a violent felony under the elements clause or the enumerated offenses clause at the time of sentencing, especially if subsequent "decisions did not suggest that their holdings departed from any prior decisions to the contrary," because the reasoning of later cases may offer insight about how the district court could have classified a prior conviction at the time of sentencing. Santos v. United States, 982 F.3d 1303, 1313 (11th Cir. 2020) (analyzing Eleventh Circuit decisions from the 2000's to shed light on whether, in 1994, the district court could have classified the defendant's prior conviction for battery on a law enforcement officer as a violent felony under the elements clause).

affected the sentence he received." <u>Beeman</u>, 871 F.3d at 1221 (citing <u>In re Thomas</u>, 823 F.3d 1345, 1349 (11th Cir. 2016)) (footnote omitted). Therefore, relief on Ground One is due to be denied.

## B. Ground Two

Jones's second claim is that counsel gave ineffective assistance, at the sentencing hearing on January 4, 2010, by failing to challenge the constitutionality of the residual clause. § 2255 Motion at 4. Jones asserts that "Counsel had the necessary tools at her disposal to challenge a sentence imposed under the ACCA's residual clause." <u>Id.</u> Jones contends that the Supreme Court "had long hinted that the statute was probably unlikely to pass constitutional muster." <u>Id.</u>

A petitioner's challenge to his sentence based on a Sixth Amendment claim of ineffective assistance of counsel is properly considered in a collateral attack. <u>United States v. Teague</u>, 953 F.2d 1525, 1534 n. 11 (11th Cir. 1992). To establish ineffective assistance of counsel, a § 2255 petitioner must demonstrate both: (1) that his counsel's conduct amounted to constitutionally deficient performance, and (2) that counsel's deficient performance sufficiently prejudiced his defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>Weeks v. Jones</u>, 26 F.3d 1030, 1036 (11th Cir. 1994). In determining whether the petitioner has satisfied the first requirement, i.e. that counsel performed deficiently, the Court adheres to the standard of reasonably effective assistance. <u>Weeks</u>, 26 F.3d at 1036. The petitioner must show that, in light of all the circumstances, counsel's performance fell outside the "wide range of professionally competent assistance." <u>Id.</u> To satisfy the second requirement, that

counsel's deficient performance was prejudicial, the petitioner must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. Id. at 1036-37 (citing Strickland, 466 U.S. at 694). In determining whether a petitioner has met the two prongs of deficient performance and prejudice, the Court considers the totality of the evidence. Strickland, 466 U.S. at 695. However, because both prongs are necessary, "there is no reason for a court… to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697; see also Wellington v. Moore, 314 F.3d 1256, 1261 n.1 (11th Cir. 2002) ("We need not discuss the performance deficiency component of [petitioner's] ineffective assistance claim because failure to satisfy the prejudice component is dispositive.").

In the Eleventh Circuit, there is "a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel." United States v. Ardley, 273 F.3d 991, 993 (11th Cir. 2001) (collecting cases). "[D]efendants are not entitled to an attorney capable of foreseeing the future development of constitutional law." Thompson v. Wainwright, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986). "That rule applies even if the claim based upon anticipated changes in the law was reasonably available at the time counsel failed to raise it." Ardley, 273 F.3d at 993 (citing Pitts v. Cook, 923 F.2d 1568, 1572-74 (11th Cir. 1991)).

Here, Jones faults counsel for not challenging the ACCA's residual clause as unconstitutionally vague at his sentencing, which occurred more than five years before

the Supreme Court held that the residual clause was void for vagueness. See Johnson, 135 S. Ct. 2551. Jones contends that "Counsel had the necessary tools at her disposal" to challenge the residual clause because "[t]he Supreme Court had long hinted that the statute was … unlikely to pass constitutional muster." § 2255 Motion at 4. But Jones contradicts his own claim on the next page. Question 13 on the § 2255 form asked Jones why he had not previously presented any of his grounds for relief. Id. at 5. Jones responded that "[a]ny previous petitions would have been deemed frivolous and issues foreclosed by court precedent. The Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), validates Movant's argument that his sentence is illegal." Id.

Indeed, three years before Jones's sentencing hearing, a majority of Supreme Court justices rejected a suggestion, raised by Justice Scalia in a dissenting opinion, that the ACCA's residual clause was impermissibly vague. James v. United States, 550 U.S. 192, 210 n.6 (2007). The Supreme Court again rejected that same suggestion in Sykes v. United States, saying that the residual clause "states an intelligible principle and provides guidance that allows a person to 'conform his or her conduct to the law,'" even if it is "at times … more difficult for courts to implement." 564 U.S. 1, 15-16 (2011), overruled by Johnson, 135 S. Ct. 2551.  As the Eleventh Circuit observed in 2007, "neither the Supreme Court nor this Circuit has held that any ACCA section, let alone the entire ACCA, is unconstitutionally vague." United States v. Jackson, 250 F. App'x 926, 930 (11th Cir. 2007). A few years after the Eleventh Circuit affirmed Jones's sentence, the Eleventh Circuit specifically rejected a vagueness challenge to

the residual clause. <u>United States v. Gandy</u>, 710 F.3d 1234, 1239 (11th Cir. 2013), <u>overruled in part by</u> <u>Johnson</u>, 135 S. Ct. 2551. When the Supreme Court did finally strike down the residual clause as void for vagueness in 2015, it expressly overruled <u>James</u> and <u>Sykes</u> in doing so. <u>Johnson</u>, 135 S. Ct. at 2563.

Thus, in January 2010, when counsel represented Jones at his sentencing hearing, counsel had no basis on which to challenge the ACCA's residual clause as unconstitutionally vague. Raising such an argument would have required a level of foresight that the Sixth Amendment does not demand of lawyers. "'[C]ounsel's inability to foresee future pronouncements [by the courts] ... does not render counsel's representation ineffective.... Clairvoyance is not a required attribute of effective representation.'" <u>Smith v. Singletary</u>, 170 F.3d 1051, 1054 (11th Cir. 1999) (quoting <u>Cooks v. United States</u>, 461 F.2d 530, 532 (5th Cir. 1972)). Accordingly, Jones's claim that counsel gave ineffective assistance by failing to challenge the ACCA's residual clause as void for vagueness, in January 2010, fails as a matter of law. Moreover, because the record offers no indication that Jones was sentenced as an armed career criminal based on the residual clause, and the record reflects that his convictions each qualified as violent felonies under the elements clause anyway, he has not shown that counsel's performance prejudiced him. Relief on Ground Two is therefore due to be denied.

### C. Ground Three

Finally, in Ground Three Jones alleges that counsel gave ineffective assistance at sentencing by failing to challenge whether each of his ACCA predicate convictions

qualified as a violent felony under the residual clause. § 2255 Motion at 4. Jones does not elaborate on what arguments counsel could or should have advanced, or why it was objectively unreasonable for counsel not to raise those arguments. See id. He merely alleges, in conclusory fashion, that counsel was ineffective for not challenging whether the ACCA predicates qualified as violent felonies. Jones contends that counsel's failure to do so prejudiced him by resulting in 93 to 110 additional months of imprisonment. Id.

The record refutes part of this claim. As discussed above, defense counsel did in fact challenge whether Jones's prior conviction for resisting an officer with violence qualified as a violent felony. See supra at 4–5, 15; see also generally Jones's Sentencing Memorandum. Counsel argued that resisting an officer with violence was not a violent felony under the elements clause because the statute "d[id] not require the specific intent to use, attempt to use or threatened use of physical force against the person of another." Jones's Sentencing Memorandum at 3. Counsel also suggested that the crime was not a violent felony under the residual clause because it did not "involve 'purposeful, violent, and aggressive conduct.'" Id. (discussing Begay v. United States, 128 S. Ct. 1581 (2008)). Counsel continued to press these arguments at the sentencing hearing. See Sentencing Tr. at 10-19. This Court and the Eleventh Circuit Court of Appeals ultimately rejected Jones's arguments. See Jones, 400 F. App'x 462. Nonetheless, the record shows that counsel did in fact challenge whether resisting an officer with violence was a violent felony, contrary to Jones's allegations in Ground Three.

24

With respect to Jones's prior convictions for armed robbery, in violation of Florida Statute section 812.13, and for assault involving great bodily injury or a deadly weapon, in violation of California Penal Code section 245(a)(1), it is true that counsel did not challenge whether these convictions qualified as ACCA predicates. But that does not mean that counsel's performance was deficient or prejudicial for not doing so. For one, Jones identifies no binding authority, existent at the time of Jones's sentencing hearing, that would have supported an argument that Jones's armed robbery and assault convictions were not ACCA violent felonies. To the contrary, the Eleventh Circuit held in 2006 that Florida armed robbery was "undeniably a conviction for a violent felony" under the ACCA's elements clause. Dowd, 451 F.3d at 1255. And in 2009, the Ninth Circuit Court of Appeals held that assault involving great bodily injury or a deadly weapon, under California Penal Code § 245(a)(1), necessarily has as an element the attempted use or threatened use of violent physical force against another person. Grajeda, 581 F.3d at 1191-92. As such, had counsel researched the issue, she reasonably could have concluded it would not be worthwhile to argue that Jones's armed robbery and assault convictions were not ACCA predicates.

Second, had Jones successfully challenged whether resisting an officer with violence was a violent felony, that would have been sufficient to defeat the ACCA enhancement. Without three ACCA predicates, Jones would not have had the requisite number of predicate convictions. Therefore, it was not objectively unreasonable for counsel to focus on disqualifying one of the prior convictions without addressing the

other two. "[C]ounsel's reliance on particular lines of defense to the exclusion of others – whether or not he investigated those other defenses – is a matter of strategy and is not ineffective unless the petitioner can prove the chosen course, in itself, was unreasonable." Chandler v. United States, 218 F.3d 1305, 1318 (11th Cir. 2000). "Good advocacy requires 'winnowing out' some arguments … to stress others." Id. at 1319. Because Jones's conclusory allegations do not establish that counsel's decision to focus on disqualifying resisting an officer with violence as an ACCA predicate was unreasonable, id. at 1318, Jones has failed to establish that counsel's performance was deficient. Nor was counsel's performance prejudicial. As noted in Parts IV.A and IV.C, each of Jones's ACCA predicate convictions qualified as a violent felony under the elements clause. Accordingly, Ground Three is due to be denied.

## V.    Certificate of Appealability

The undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Jones "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's claims on the merits, the

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby **ORDERED:**

1. Petitioner Jimmy A. Jones's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.

2. The Clerk is directed to enter judgment in favor of the United States and against Jones, and close the file.

3. If Jones appeals the denial of the petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of April, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc 19
Copies:
Counsel of record
Petitioner